The defendant appeals from his convictions, following a jury trial, of one count of possession of a controlled substance with intent to distribute in violation of G. L. c. 94C, § 32, and one count of distribution of a controlled substance in violation of G. L. c. 94C, § 32.[2] We affirm.
a. Background. We summarize the facts relevant to this appeal as the jury could reasonably have found them. On February 26, 2014, the defendant sold a bag of heroin to Julie Waterman in the presence of Trooper Michael Pedersen, who was working undercover, in exchange for two twenty dollar bills that Trooper Pederson previously had provided to Waterman. The transaction occurred in Trooper Pedersen's unmarked vehicle, which was being watched by Detective Gary Mercurio and a surveillance team. After the sale, Trooper Pedersen drove the defendant to a nearby restaurant and then signaled the surveillance team that the narcotics transaction was complete. When the surveillance team entered the restaurant, the defendant immediately attempted to swallow a plastic bag he pulled from his pants pocket. He was arrested by Detective Mercurio and spit out the bag, which contained eight smaller bags holding a substance that later tested positive for being heroin. In addition, the officers recovered the two twenty dollar bills and a cellular telephone from the defendant.
b. Discussion. 1. Detective Mercurio's testimony. The defendant argues that he was materially prejudiced by Detective Mercurio's testimony that Trooper Pedersen signaled the surveillance team that the "narcotics transaction" was complete. He argues, on appeal, that this testimony was impermissible hearsay. We disagree because Detective Mercurio's statement was not being offered for the truth of the matter asserted. Instead, the statement explained why he acted as he did upon receiving Trooper Pedersen's signal. See Commonwealth v. Cohen, 412 Mass. 375, 393 (1992), quoting from McCormick, Evidence § 246, at 734 (3d ed. 1984) ("[A]n arresting or investigating officer should not be put in the false position of seeming just to have happened upon the scene; he should be allowed some explanation of his presence and conduct"); Commonwealth v. Spencer, 53 Mass. App. Ct. 45, 51 n.4 (2001).
Even if we assume there was error, there is no substantial risk of a miscarriage of justice.[3] As set forth above, the Commonwealth's evidence was strong, including Trooper Pederson's eyewitness account of the defendant's sale of heroin and chemist Rebecca Daner's testimony that the substance in the baggies tested positive for heroin.
The defendant also argues that he was materially prejudiced when Detective Mercurio identified the evidence taken from the defendant when he was arrested as "bags of heroin." Trial counsel objected and moved for a mistrial, which was denied. We discern no abuse of discretion in the trial judge's decision to deny the motion for a mistrial. See Commonwealth v. Santana, 477 Mass. 610, 625-626 (2017) (trial judges have "broad discretion" whether to declare a mistrial). Any momentary prejudice to the defendant was slight because Detective Mercurio's testimony was cumulative of chemist Daner's testimony, later in the trial, that these baggies contained heroin.
2. Trooper Telford's expert testimony. Next, the defendant argues that Trooper Telford's testimony was beyond the scope of permissible expert opinion testimony. First, the defendant points to Trooper Telford's statement that the packaging of the heroin seized from the defendant when he was arrested was "typically" what Trooper Telford has "run into with heroin ... that are packaged into corner cut" baggies and that the eight small baggies are "small little bags and how they're sold." We discern no error in the trial judge's decision to allow this testimony because it (a) was based on the evidence; (b) concerned subject matter within Trooper Telford's field of expertise (the manner in which street-level narcotics are packaged); and (c) did not directly opine as to the defendant's guilt. See Commonwealth v. Tanner, 45 Mass. App. Ct. 576, 579 (1998). The fact that Trooper Telford used the word "typically" rather than "consistent with" is not dispositive. See id. at 581.
Second, the defendant objects to Trooper Telford's answer "[t]hat's an intent to distribute" in response to the prosecutor's question whether a hypothetical, which tracked the facts in evidence, was "more consistent" with possession for personal use or possession with intent to distribute. This testimony was permissible because the hypothetical tracked the evidence and sought opinion testimony within Trooper Telford's field of expertise.[4] In addition, the prosecutor used the approved words "consistent with" in posing the question; Trooper Telford was not required to repeat those words in responding with his opinion. See Commonwealth v. MacDonald, 459 Mass. 148, 162 (2011) ( "[O]ur courts repeatedly have held that a properly qualified expert witness is permitted to opine based on a hypothetical [even concerning the case's ultimate issue] that is grounded in facts in evidence, as being 'consistent with' a drug transaction").
3. Prosecutor's closing argument. Finally, the defendant argues that the prosecutor improperly asked the jury a rhetorical question in closing argument that suggested to the jury that the defendant had the burden to show he possessed heroin for his personal use rather than for distribution. The defendant's argument ignores the prosecutor's statements immediately following the question, pointing to specific evidence and fair inferences therefrom that showed that the heroin was for distribution. See Commonwealth v. Pettie, 363 Mass. 836, 840 (1973). The prosecutor's statement was not error.
Judgments affirmed.

The defendant was acquitted of one count charging a school zone drug violation, in violation of G. L. c. 94C, § 32J.

Because trial counsel did not move to strike Detective Mercurio's testimony, our review is limited to determining whether there is a substantial risk of a miscarriage of justice. See Commonwealth v. Womack, 457 Mass. 268, 272-273 (2010).

Contrary to the defendant's argument, the hypothetical was consistent with Trooper Pedersen's eyewitness testimony that the defendant sold one small bag of heroin to Waterman, Detective Mercurio's testimony that an additional eight bags were found on the defendant at the time of his arrest, and Trooper Pedersen's and Detective Mercurio's testimony that the defendant also had a cell phone and money when arrested. See Commonwealth v. Dancy, 75 Mass. App. Ct. 175, 185 (2009). To the extent the hypothetical was confusing, as the defendant argues, the proper avenue to test the hypothetical would have been through the defendant's cross-examination. Ibid.